756 A.2d 1082

AL STEWART, PLAINTIFF(S), v. THE PLANNING BOARD
OF THE TOWNSHIP OF MANALAPAN, ET AL.,
DEFENDANT(S).

Superior Court of New Jersey
Law Division Monmouth County

Argued November 10, 1999—Decided November 24, 1999.

---

the hearing officer believes they have no relevant information to provide, that their testimony constitutes inadmissible hearsay, or because of any other appropriate reason.

*Kenneth E. Joel*, Esq. for Plaintiff.

*James H. Gorman*, Esq. for Defendant Planning Board.

*Paul H. Schneider*, Esq. for Defendant Feinberg (*Giordano, Halleran & Ciesla*).

LAWSON, A.J.S.C.

This matter is an action in lieu of prerogative writs wherein the plaintiffs are challenging a decision of the Planning Board of the Township of Manalapan granting Defendant Feinberg's application for preliminary and final site plan approval with variances and minor subdivision approval. Pursuant to *R.* 1:7–4, the Court makes the following findings of fact and conclusions of law.

## I. BACKGROUND

There currently exists a shopping center on Gordons Corner Road in Manalapan Township on property known as Block 11.02, Lot 25.11. This center is known as the Gordons Corner Shopping Center.

Defendant Feinberg, as the contract purchaser of a portion of the shopping center, wished to develop a Rite Aid pharmacy. The site plan application included a lot owned by Mr. and Mrs. Scudder, which was adjacent to the existing shopping center. They intend to create a lot to construct a free standing pharmacy building.

Prior to a formal application being submitted to the Board, Defendant Feinberg requested an informal concept review with the Planning Board on July 23, 1998. Soon after, a formal application was submitted to the Board. On October 8, 1998, the Board considered the waiver request sought by the applicant and granted the waiver deeming the application complete. Subsequently, on October 22, 1998, the Planning Board held another informal review of Defendant Feinberg's application.

Public hearings were held on November 12, 1998, January 14, 1999, February 11, 1999 and March 11, 1999. A resolution granting preliminary and final site plan approval with variances and minor subdivision approval was adopted by the Defendant Board on April 8, 1999.

The applicant sought to re-subdivide the existing property to create a separate lot for the pharmacy. The proposed lot would contain approximately 1.772 acres. The applicant desires to own the lot upon which the proposed building will sit, and not lease it from the shopping center owner, or create a condominium form of ownership. The Defendant Board found that the zoning and planning distinctions which exist in creating a separate lot, separate lease area or a condominium regime is minimal if they exist at all. Therefore, the Board granted the technical variances that the applicant required. The Board also granted several sign variances and a design exception to permit a parking stall of 10 ft. X 19 ft.

On April 8, 1999, the Defendant Board issued a Resolution which provides in pertinent part:

1. There exists a small portion of the subject property located in the residential zoning district but no development is occurring in this area nor was this area used to calculate the lot area or building coverage, therefore, no use variance is required.

2. The applicant seeks to subdivide the property to create a separate lot for construction of the Rite Aid. This lot will require several variances including minimum lot area, front parking setback, and minimum side parking which are deemed "technical variances" by application. There exists no zoning and planning difference in creating a separate lot for the Rite Aid or creating a separate lease area or condominium regime. The front parking setback request matches an existing condition within the shopping center. Additionally, the applicant would

face an undue hardship if the variances are not granted, or in the alternative the Board finds that the benefits of granting the variances substantially outweigh any detriments. The undue hardship is related to the unique shape of the property created by the minor subdivision within the existing shopping center. The benefits of the relocation of the existing driveways [discussed further] substantially outweigh any detriments. Furthermore, the Board finds that the variances can be granted without substantial detriment to the public without substantial impairment of the zone plan or zoning ordinance.

3. The ground sign variance pertaining to height and information requirements was granted because of the hardship the store merchants would endure if they could not be identified.

4. A wall sign variance was granted because the proposed architectural style of the sign and the aesthetic benefits derived therefrom, outweighed the detriment of nonconformance.

5. Minor informational sign variances were approved to provide safe and adequate notice for the driving public.

6. A variance to permit parking stall sizes of 10 ft. X 19 ft., where 10 ft. X 20 ft. is required, was granted because of the fact that the smaller spaces result in less storm water runoff and are not detrimental to the zone plan.

7. As part of the application, the Applicant agreed to modify the existing driveway to improving traffic flow. The modifications provide greater safety and efficiency in conformance with applicable engineering standards.

Lastly, the Resolution was conditioned on provisions A–X, providing thorough and detailed implementation procedures. *See Resolution, pgs. 7–11.*

## II.  *CONCLUSIONS OF LAW*

▇▇▇ It is well established that when a reviewing court is considering an appeal from an action taken by a Planning Board, the standard employed is whether the grant or denial was arbitrary, capricious or unreasonable. *See Sugarman v. Township of Teaneck,* 272 *N.J.Super.* 162, 172, 639 *A.2d* 402 (App.Div.1994), *cert. denied,* 137 N.J. 310, 645 A.2d 139 (1994); *see also Burbridge v. Mine Hill Tp.,* 117 *N.J.* 376, 385, 568 *A.2d* 527 (1990); *Kramer v. Board of Adjustment, Sea Girt,* 45 *N.J.* 268, 296, 212 *A.2d* 153 (1965). Applying this standard, the court presumes that the Board's factual determinations are valid, and will not reverse them unless it finds them to be arbitrary, capricious, and unreasonable. *Burbridge, supra.*

▇▇ The purpose of judicial review is for the court to determine whether or not the Board acted within the statutory guidelines

and properly exercised its discretion. *Id.* at 384–85, 568 *A.*2d 527. The reviewing court is not permitted to substitute its judgment for that of the board's. *Kaufmann v. Planning Board for Warren Township,* 110 *N.J.* 551, 558, 542 *A.*2d 457 (1988).

"Land use decisions are entrusted to the sound discretion of municipal boards, which are to be guided by positive and negative criteria set forth in enabling statutes." *Id.* at 558, 542 *A.*2d 457. Deference is owed to the Board because local officials are more familiar with local characteristics than are the courts. *Kramer, supra,* at 296, 212 *A.*2d 153. "It is presumed that the zoning board, as well as other municipal agencies, act 'fairly with proper motive.' " *Charlie Brown of Chatham v. Board of Adjustment,* 202 *N.J.Super.* 312, 321, 495 *A.*2d 119 (App.Div.1985), citing *Kramer, supra,* at 296, 212 *A.*2d 153.

> So long as there is substantial evidence to support it, the Court may not interfere with or overturn the decision of a municipal board. Even when doubt is entertained as to the wisdom of the Board's action, there can be no judicial declaration of invalidity absent a clear abuse of discretion by the Board. *See Pullen v. South Plainfield Planning Board,* 291 *N.J.Super.* 303, 312, 677 *A.*2d 278 (Law Div.1995)(quoting *New Brunswick Cellular Tel. Co. v. Old Bridge,* 270 *N.J.Super.* 122, 134, 636 *A.*2d 588 (Law Div.1993)).

Plaintiff alleges that he has been denied due process throughout the procedural history of Defendant Feinberg's application to the Planning Board of the Township of Manalapan for preliminary and final site plan approval with variances and minor subdivision approval. Plaintiff alleges that a due process violation exists because he was not properly noticed of the actions taken by the defendants in this matter as required by New Jersey statute. Thus, he asserts that he was denied his right to be heard as an interested party to the Defendant Feinberg's application.

The applicant in the instant matter applied for preliminary and final site plan approval with variances and minor subdivision approval. *N.J.S.A.* 40:55D–10.1 provides for informal review of the concept plan for development. It provides in pertinent part:

> At the request of the developer, the Planning Board shall grant an informal review of a concept plan for development for which the developer intends to prepare and submit an application for development . . .

Following, with proper notice to interested parties, the actions taken by the defendants on July 23, 1998 in conducting an informal review of the concept plan were proper.

Additionally, *N.J.S.A.* 40:55D–10.3 provides for the review of waiver request submissions by the applicant. It provides in pertinent part:

> The applicant may request that one or more of the submission requirements be waived, in which event the agency or its authorized committee shall grant or deny the request ...

In accord, with proper notice to interested parties, the actions taken by the defendants on October 8, 1998 in conducting a waiver request review were proper.

This court takes issue with the third informal review of the application by the Planning Board on October 22, 1998. This review was held prior to the public hearing and prior to the notice required to be given for such a hearing. This court is concerned that such an informal review hearing or meeting may cause Board members to decide matters before them without interested parties being noticed. This court does not find that such a procedure (i.e. substantive review of an application subsequent to a concept review and waiver request) is authorized by statute. The loss of an opportunity for interested persons to present views to a neutral, unbiased and uninfluenced Board serves to taint action taken by the Board due to the shadow of impropriety that such action casts. Whether or not a record is kept of such a meeting is of little concern to this court. It is well known that recording procedures of such meetings are not immune from manipulation and "off the record discussions" of pending applications often take place.

To further analyze this issue, this court looks to statutory notice requirements. The Legislature opined in pertinent part:

> The public and the press should have advance notice of and the opportunity to attend most meetings including executive sessions, of public bodies, except where the public interest or individual rights would be jeopardized. If the public and the press cannot attend, for whatever reason they cannot learn of many positions that are considered or taken at such meetings by individual officials serving the public.

Lack of this information can lessen public confidence in governmental decisions and impair the public's function of holding officials accountable in a democracy. *See New Jersey Assembly*, No.1030.-L, c. 231, (1975).

This legislative intent serves to guide the Planning Board in the instant matter because they are a public body organized by law and collectively empowered as a multi-member voting body which affect persons rights.

*N.J.S.A.* 10:4–6 to 10:4–21 "The Open Public Meetings Act" or "Sunshine Law" provides that every public body adopts a schedule of its regular meetings, including work sessions, and has it on file with the municipal clerk, posted on the municipal bulletin board and circulated in two newspapers of the municipality. *Ibid.* Further, special meetings require similar notice within 48 hours of the meetings occurrence. *Ibid.* Any action taken by the Board is void if the Open Public Meetings Act is violated. *See Polillo v. Deane*, 74 *N.J.* 562, 568, 379 *A.2d* 211 (1977).

Work sessions help the board by allowing it to meet occasionally when no hearings are scheduled. Boards can review recent judicial or legislative action and discuss desired change regarding the same. Boards may also decide on agendas and review applications to determine their completeness. These meetings are subject to the notice requirements of the "Open Public Meetings Act."

In contrast, more comprehensive notice requirements must be followed in order to proceed with a hearing. Specifically, "notice shall be given to the owners of all real property as shown on the current tax duplicates, located in the State and within 200 feet in all directions of the property which is the subject of the hearing." *N.J.S.A.* 40:55D–12 to 40:55D–12.3. Plaintiff in the instant matter is a real property owner in the State located within 200 feet of the proposed construction site.

Plaintiff argues that 1) the informal review of defendant's application on October 22, 1998, is not permissible by statute, 2) the subject matter of such a meeting is not appropriate for a regularly scheduled meeting or workshop session, 3) the individualized subject matter changes the gathering into a quasi hearing

and 4) absent statutory authority, Planning Board meetings such as this require notice to interested parties as outlined in *N.J.S.A.* 40:55D–12 to 40:55D–12.3.

This is a case of first impression for this court. In *Bernardsville Quarry v. Bernardsville Borough,* 129 *N.J.* 221, 608 *A.*2d 1377 (1992), the plaintiff challenged the Borough s decision to deny its application for a license. The plaintiff claimed that although the Borough formally adopted a Resolution denying its application in an open meeting, the real decision to deny was made in discussions behind closed doors to which plaintiff was not privy. *See id.* at 246, 608 *A.*2d 1377. Plaintiff argued that such actions amounted to a due process violation for a lack of notice and opportunity to be heard. *Ibid.* The court declined to comment on this issue and decided the case on the issue of the filing deadline requirement because it was found to be determinative in the matter. *Ibid.*

The Planning Board and applicant suggest that notice of the informal review on October 22, 1998, was provided in accordance with The Open Public Meetings Act required for regularly scheduled meetings and workshop sessions. Additionally, the defendants maintain that a hearing with proper notice was provided for the plaintiff after the informal review session was held. Finally, defendants assert that there can exist no appearance of impropriety or hint of a taint in this matter because a record was made of the informal review proceeding.

The court is not satisfied with the defendants' rebuttal in this instance in an attempt to justify the informal review proceeding of October 22, 1998. Such a meeting, discussing issues of consequence to the application as part of its agenda, is not provided for by New Jersey statute. Such issues are more appropriately reserved for an applicant's hearing. A hearing allows for interested property owners to be noticed pursuant to *N.J.S.A.* 40:55D–12 to 40:55D–12.3. This serves to protect the due process rights of interested parties. Inasmuch as the applicant was seeking major site plan approval with variances, notice mirroring that which is

required by a public hearing was necessary for this informal review of October 22, 1998. Otherwise, there exists the appearance of impropriety. Therefore, I must vacate the decision of the Planning Board of the Township of Manalapan granting Defendant Feinberg's application for preliminary and final site plan approval with variances and minor subdivision approval, in response to the taint of procedural due process violations incurred by the plaintiff in this matter.

This court would like to relate to the Boards in this vicinage, that such informal review meetings are not permitted by statute. Further, if Boards wish to continue this practice of informal site plan review in the future, they should petition the Legislature to pursue a statutory amendment which would permit these types of sessions. The review session discussed in the case at bar includes inappropriate issues to be addressed as part of its agenda. Such issues should be discussed at an applicant's hearing with notice to interested parties.

The court will not discuss the other issues raised by the plaintiff, as the procedural due process violation serves to void the actions by the Planning Board.

### III. *CONCLUSION*

For the above-mentioned reasons, this court hereby *VACATES* the decision of the Planning Board of the Township of Manalapan granting Defendant Feinberg's application for preliminary and final site plan approval with variances and minor subdivision approval. Defendant Feinberg will be permitted to re-file his application to have a hearing with testimony presented anew. There must be proper notice given to all parties. This court does not retain jurisdiction in this matter.